W.N. "Bill" ROBBINS *v.* CITY OF DOVER, et al.

87-343                                         743 S.W.2d 807

Supreme Court of Arkansas
Opinion delivered February 1, 1988

· *Robert E. Irwin,* for appellant.

*Bullock & McCormick,* by: *David H. McCormick,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant Bill Robbins was appointed Marshal of the City of Dover pursuant to an ordinance making the marshal's office appointive rather than elective. *See* Ark. Code Ann. § 14-44-111 (1987) [Ark. Stat. Ann. § 19-1103.2 (Repl. 1980)]. He was later discharged by the Mayor, and the City Council failed to override the Mayor's action by a two-thirds majority. The appellant contends he was wrongfully discharged. The trial court held that the marshal was an employee at will who could be discharged at will by the mayor, subject to an override by a two-thirds majority of the city council. The Court of Appeals certified the case to this court. We affirm the trial court.

Appellant argues that he was not subject to termination at will because of a written city personnel policy and the minutes of a city council meeting. In *Gladden* v. *Arkansas Children's Hosp.*, 292 Ark. 130, 728 S.W.2d 501 (1987), we wrote:

> We do, however, believe that a modification of the at will rule is appropriate in two respects: where an employee relies upon a personnel manual that contains *an express provision* against termination except for cause he may not be arbitrarily discharged in violation of such a provision. Moreover, we reject as outmoded and untenable the premise announced in *St. Louis Iron Mt. Ry. Co.* v. *Matthews*, 64 Ark. 398, 42 S.W. 902 (1897), that the at will rule applies even where the employment agreement contains a provision that the employee will not be discharged except for cause, unless it is for a definite term. With those two modifications we reaffirm the at will doctrine.
>
> . . .
>
> We have come to the conclusion that an implied provision against the right to discharge is not enough.

The written city personnel policy introduced by appellant provides that "[a]n employee who gives unsatisfactory service is subject to dismissal by the Mayor with the approval of the City Council." That does not constitute an express provision against termination except for cause.

The minutes of a meeting of the city council likewise do not afford any relief to appellant. Two different versions of the minutes of the same council meeting were introduced, and both were signed by the recorder-treasurer. One version, which is certified as the true and correct copy, recites that a councilman stated a reprimand policy. It does not set out the policy, nor does it reflect adoption by the council. The other form of the minutes, which is not certified, recites that "[t]he City would amend it[s] personnel policy to accept reprimands, there will be a minimum of 3 reprimands and at that time a dismissal, this would be for all City employees." Although three council members testified that the three reprimand policy was in effect at the time of appellant's discharge, neither of the personnel policies which were intro-

duced at trial contained the policy. The record simply does not establish that there was an express provision against termination except for cause, either in the personnel policy or in the minutes.

■ Even if the personnel policy provided for discharge only with cause or even if the minutes clearly reflected that the council voted for a policy of no discharge until after three reprimands, the appellant would not prevail in this case because state law provides that a city marshal may be discharged by the mayor, subject only to an override by a two-thirds vote of the city council. Ark. Code Ann. § 14-44-111 (1987) [Ark. Stat. Ann. § 19-1103.2 (Repl. 1980)]. The appellee has neither pleaded nor argued that the city should be estopped from applying the controlling state statute and therefore, we do not consider the issue. *See Foote's Dixie Dandy, Inc.* v. *McHenry*, 270 Ark. 816, 607 S.W.2d 323 (1980). *See also*, Annot. 21 A.L.R.4th 565 (1983). Therefore, the appellant was an employee at will and his discharge was not wrongful.

■ Appellant next argues that the city council later overrode the mayor's action. The argument is without merit. The city council refused to override the discharge, and the mayor appointed a temporary marshal. The city later took applications for the job, and appellant, along with others, submitted his application. He was ultimately re-hired to fill the vacancy. This was not a statutory override.

Affirmed.

GLAZE, J., concurs.