5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Tommy NEWKIRK, Appellant,
v.
Gary ROGERS; Bill Dickerson, Appellees.
 No. 93-1504.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 5, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommy Newkirk appeals the district court's[1] order granting defendants summary judgment in this 42 U.S.C. Sec. 1983 action.
 
 
 2
 Newkirk filed this action against Gary Rogers, Superintendent of the Alexander Youth Services Center (AYSC), and Bill Dickerson, former assistant deputy director of the Arkansas Department of Human Services (ADHS). Newkirk alleged that he was employed as a security officer at AYSC and that a student at AYSC "framed" him so that defendants would believe he had personal contact with her when she was away from AYSC without permission. Newkirk alleged defendants knew or should have known the student was manipulative. Newkirk claimed the ADHS Employee Conduct Standards were so vague that they denied him due process; the result of his post-termination hearing was preordained and the hearing lacked a fair decision-maker; and defendants denied him substantive and procedural due process by terminating his employment when other AYSC employees knew the student was manipulative and had "framed" him. Newkirk sought reinstatement, backpay, damages, and costs.
 
 
 3
 The district court granted defendants' motion for summary judgment. The court found Newkirk was an employee at will because he did not identify any employment contract which guaranteed him employment for a fixed term, and he did not identify any employee handbook which contained an express provision that he would not be fired except for cause. The court rejected Newkirk's reliance on the progressive discipline policy contained in the Employee Conduct Standards. Citing Gladden v. Arkansas Children's Hosp., 728 S.W.2d 501, 504-05 (Ark. 1987), the district court explained that an implied provision against discharge-such as the progressive discipline policy Newkirk relied on-was insufficient; a provision promising not to terminate except for cause must be express.
 
 
 4
 We agree with the district court's resolution of this case. A property interest in employment does not exist unless it is created by state law. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Skeets v. Johnson, 816 F.2d 1213, 1214 (8th Cir. 1987) (en banc). Under Arkansas law, employees serve at will and do not have a property interest in continued employment unless: (1) the employee relies on a personnel manual that contains an express provision against termination except for cause, or (2) the employee is employed for a definite period of time. See Crain Indus., Inc. v. Cass, 810 S.W.2d 910, 913 (Ark. 1991); Gladden, 728 S.W.2d at 505.
 
 
 5
 Newkirk agrees he was not employed for a definite period of time. Further, he admits the Conduct Standards do not contain an express provision against termination except for cause. He argues, however, that he has a property interest in continued employment because the Conduct Standards afforded him the right to appeal from a progressive disciplinary decision. The Arkansas Supreme Court has held that an implied provision against the right to discharge is insufficient to create a property right in continued employment. See Gladden, 728 S.W.2d at 505; see also Robbins v. City of Dover, 743 S.W.2d 807, 808 (Ark. 1988). Further, the Conduct Standards did not guarantee that Newkirk would receive a warning before he was terminated; supervisors could exercise discretion to assign penalties for conduct infractions. Therefore, Newkirk's reliance on the progressive discipline policy is insufficient to establish a constitutional violation, and he has not identified any other source of rights for his due process claims.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas